CLENDENNING & BULKLEY *versus* ROSS.

1. Where an inferior court has rejected evidence, which *prima facie*, has no pertinence to the issue, the record should show its competency, and that the proof had been made, which was necessary to render it so.

The plaintiffs in this action, declared in assumpsit, in Mobile Circuit court, on the common money counts : and on the trial, judgment was rendered in favor of the defendant.    The ground of error relied on, in this court, was, the rejection by the court below, of a letter, written by the defendant, to the attorney of the plaintiffs, in which he proposed a compromise of the claims of the latter, on certain notes.— The object in offering the letter, was not shown in the record ; and the letter itself, only disclosed an offer of compromise, in relation to the notes—which were not the cause of action here.

*Acre,* for plaintiffs—*Elliott, contra.*

TAYLOR, J.—The action in this case is *indebitatus assumpsit,* on the common money counts.    On the trial, the plaintiffs offered to read to the jury, a letter, written by the defendant, to Samuel Acre, Esq., the attorney at law of the plaintiffs, dated in March, 1825, declaring his inability to pay the amount of certain promissory notes, which the plaintiffs held against him, and informing him, that, if the plaintiffs would agree to receive one third of their debt, the friends of the defendant would pay it, on the plaintiffs' finally discharging the defendant : the letter

contains the following sentence—" And, in the mean time, I assure you, that, should fortune smile upon me, so as to enable me to pay them, they shall receive every dollar, notwithstanding the notes may all be given up.".

The court refused to permit this letter to be read, as evidence, to the jury, and it is this opinion which we are called upon to revise.

The object of the plaintiffs, in offering the letter, does not appear, in the record. It no where appears, whether the terms offered by the defendant, were acceded to or not. It is true, the counsel for the plaintiffs tells us, a compromise was effected between the parties, on the terms proposed, and the notes given up to the defendant; and that this suit is brought, to recover the balance of the debt on the promise contained in the letter of the defendant, that, "if fortune smiled upon him," he would pay it: that the letter was offered as the first link in the chain of testimony, and, if admitted, it would have been succeeded by proof, that " fortune had smiled upon" the defendant, and he was amply able to make payment.

We do not doubt the sincerity of the counsel, but we think the record should show the competency of the evidence.

Admitting the right of the plaintiffs to recover according to the statement of the counsel, and it is not considered necessary to examine this subject, some ground should have been laid for this evidence, by first proving the compromise, upon which the promise was based.

But there is nothing in the record, to contradict the idea, that it was intended to offer the notes them-

selves as evidence, and that this letter was produced as proof of their execution, or that they had been introduced, and it became necessary, from countervailing testimony of the defendant, to prove, that the sums specified in them were still subsisting debts. If such had been the fact, the letter was properly rejected, as it contained a proposition for compromise, and unless that compromise was effected, could not be made evidence against the defendant.

As the case has not been argued, we avoid the expression of an opinion on any point, not *necessary* to be considered in disposing of it.

Let the judgment be affirmed.